IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

FLEX DOLPHYNN,

    Plaintiff,

vs.

MAGNIT GLOBAL,

    Defendant.
_____

Civ. No. 6:25-cv-00209-AA

**OPINION & ORDER**

AIKEN, District Judge:

  Self-represented Plaintiff Flex Dolphynn brings a religious discrimination claim against Defendant Magnit Global under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *See* Compl., ECF No. 1. Defendant moves to dismiss the claim. ECF No. 8. For the reasons stated below, Defendant's Motion to Dismiss, ECF No. 8, is GRANTED. Plaintiff's claim is DISMISSED with prejudice.

BACKGROUND

  Plaintiff alleges that Plaintiff is a "U.S. citizen[,]" Compl. ¶ 1, and that "[d]ue to [Plaintiff's] sincerely held religious beliefs, [Plaintiff] ha[s] never obtained a Social Security Number ("SSN")[,]" *id*. ¶ 2. Plaintiff alleges that "Nike expressed interest in hiring [Plaintiff]," *id*. ¶ 3, and that "Nike selected Magnit Global ("Magnit") to onboard [Plaintiff] as a Magnit employee who would contract with Nike[,]" *id*. ¶ 4. Plaintiff alleges that "Magnit . . . refused to hire [Plaintiff,]" due to his not having an

Page 1 – OPINION AND ORDER

SSN, *id.* ¶ 6, and that "Magnit failed to have their HR or legal team contact [Plaintiff] to explore alternative solutions[,]" *id.* ¶ 9.

## LEGAL STANDARD

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's allegations, a court must accept a plaintiff's allegations of fact as true and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). But a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

To survive a motion to dismiss, a pleading must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Plaintiff brings a religious employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. The parties agree that Defendant refuses to hire Plaintiff because Plaintiff declines to provide an SSN. Compl. ¶ 6; Def. Mot. at 4. Defendant moves to dismiss Plaintiff's religious discrimination claim as a matter of law.

Under Title VII, an employer may not "refuse to hire . . . any individual . . . because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1). "A claim for religious discrimination under Title VII can be asserted under several different theories, including disparate treatment and failure to accommodate." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). Here, Plaintiff alleges that Defendant refuses to hire Plaintiff because of Plaintiff's religious-based SSN objection and that Defendant "did not explore all reasonable accommodations." Pl. Resp. at 3, ECF No. 11. Plaintiff thus alleges a failure-to-accommodate theory.

The elements of a failure-to-accommodate religious employment discrimination claim are: "(1) [plaintiff] had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) [plaintiff] informed [their] employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected [plaintiff] to an adverse employment action because of [plaintiff's] inability to fulfill the job requirement." *Peterson*, 358 F.3d at 606. "If [plaintiff] makes out a *prima facie* failure-to-accommodate case, the burden then shifts to [defendant] to show that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Id.* (internal quotation marks and citations omitted).

Here, Magnit asserts that "even assuming that Dolphynn could establish a *prima facie* [failure-to-accommodate] case[,] . . . accommodating his religious beliefs would be an undue hardship . . . as a matter of law [because] Dolphynn is asking for

an accommodation that would cause Magnit to ignore the IRS and violate federal law." Def. Mot. at 4.

Undue hardship is an affirmative defense that "cannot be considered at the motion-to-dismiss stage unless the defense's success is obvious from the face of the complaint or from judicially noticeable materials[.]" *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1228 (9th Cir. 2023). Here, Defendant argues that its undue hardship defense is obvious from the face of the Complaint because courts have held "that employers . . . are not required to accommodate an employee's religious objections to using social security numbers." Def. Mot. at 4. Defendant relies on *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 829–30 (9th Cir. 1999) in which an employee brought a Title VII religious discrimination claim against his employer for refusing to hire him without an SSN. The Ninth Circuit determined that because accommodation would cause the employer to violate federal law, any "accommodation would cause 'undue hardship' as a matter of law[]" and affirmed the lower court's dismissal of Plaintiff's Title VII claim. *Id.* at 831. *See also McIlwain v. Everson*, No. 05-CV-1151-ST, 2006 WL 1876589, at *3 and n.1 (D. Or. Jul. 5, 2006), *aff'd sub nom. McIlwain v. Oregon Dep't of Revenue*, 334 F. App'x 99 (9th Cir. 2009) (Absent "certain circumstances, none of which are present here, . . . [t]he IRS requires every employee to have a social security number.") (quoting *Weber v. Leaseway Dedicated Logistics, Inc.*, 5 F. Supp. 2d 1219, 1222 (D. Kan. 1998), *aff'd*, 166 F.3d 1223 (10th Cir. 1999)).

Page 4 – OPINION AND ORDER

But Plaintiff asserts that, in *Sutton*, the Ninth Circuit was "factually incorrect" when it stated that "Defendant is required by law to obtain Plaintiff's social security number." Pl. Resp. at 10–11 (quoting *Sutton*, 192 F.3d at 830). Plaintiff asserts that there is a lawful way to hire an employee without an SSN and that Defendant failed to consider "IRS regulations [that] provide a clear compliance path for hiring individuals without a Social Security Number[.]" *Id.* at 4–5.

First, Plaintiff points to Form I-9 and regulations 8 C.F.R. §§ 274a.2(a) & (b)(1)(i), 274a.10(b)(2). *Id.* at 10–11. Plaintiff refers to the Employment Eligibility Verification Form ("Form I-9"), which is used by the Department of Homeland Security to verify an employee's identity and work authorization and must be completed by both citizen and non-citizen employees. *See Diaz-Jimenez v. Sessions*, 902 F.3d 955, 961 (9th Cir. 2018). Plaintiff asserts that the DHS regulations "nowhere . . . mandate that an SSN must be provided for the [I-9] form itself." Pl. Resp. at 11. It is true that a U.S. citizen may provide a non-SSN form of identity on Form I-9. *See* 8 C.F.R. § 274a.2(b)(1)(v). But Form I-9 is issued by the Department of Homeland Security, not the Internal Revenue Service. It is used to regulate immigration; it is not used to report income and social security withholding.

Second, Plaintiff points to 26 U.S.C § 6109(a)(3) & (d) of the Internal Revenue Code, Pl. Resp. at 12, which provides:

> Any person required under the authority of this title to make a return, statement, or other document with respect to another person shall request from such other person, and shall include in any such return, statement, or other document, such identifying number as may be prescribed for securing proper identification of such other person.

Page 5 – OPINION AND ORDER

26 U.S.C. § 6109(a)(3). Plaintiff argues that, under this provision, an employer need only "request . . . [an] SSN from an [employee], which the Defendant has done." Pl. Resp. at 12. Because Defendant requested an SSN from Plaintiff, Plaintiff argues that Magnit has fulfilled its duty and has complied with the law. *Id.* at 12–13. But § 6109(a)(3) states that an employer "shall request . . . and *shall include* . . . such identifying number." (Emphasis added.) Under this regulation, Magnit must request and must include Dophynn's SSN on the relevant employer filings. *See* 26 U.S.C. § 6109(d) ("The social security account number . . . shall, [unless] otherwise . . . specified under regulations of the Secretary, be used as the identifying number for such individual for purposes of this title."); *see also* 26 C.F.R. § 301.6109–1(a)(ii)(A) ("[A]n individual required to furnish a taxpayer identifying number must use a social security number."); 26 C.F.R. § 31.6011(b)–2 ("Every employee who . . . is in employment for wages subject to the taxes imposed by the Federal Insurance Contributions Act, but who prior to such day has neither secured an account number nor made application therefor, shall make an application on Form SS–5 for an account number.").

Third, Plaintiff points to 26 C.F.R. § 301.6109-1(c), which allows an employer to escape penalty for filing the relevant IRS document without an employee's SSN. This provision requires that the employer submit an affidavit to the IRS attesting that the employer requested, but failed to obtain, an employee's SSN. The Ninth Circuit has addressed this regulation and held that "[t]he holding of *Sutton* . . . applies despite [the fact] that an employer can file an affidavit to avoid a penalty from

the Internal Revenue Service for failure to provide an employee's SSN." *Hommel v. Squaw Valley Ski Corp.*, 89 F. App'x 650, 651 (9th Cir. 2004) (citing 26 U.S.C. 6724(a); 26 C.F.R. § 301.6109-1(c)).

Plaintiff argues that *Sutton* and *Hommel* were decided before the Supreme Court decided *Groff v. DeJoy*, 600 U.S. 447, 464 (2023) and that Defendant "improperly rel[ies] on outdated precedent." Pl. Resp. at 2. Plaintiff asserts that the Court in *Groff* "dramatically increased the hurdle that companies must overcome in order to successfully plead undue hardship." *Id.* at 7. But Plaintiff's reliance on *Groff* is misplaced. First, *Groff* did not issue a hard and fast rule. Instead, the Court held that "[lower] courts should resolve whether a hardship would be substantial in the context of an employer's business in [a] commonsense manner[.]" *Id.* at 471. And the Court remanded the case for the lower court to make such determination. *Id.* at 473. Second, *Groff*, arguably a close case, is distinguishable from this case. In *Groff*, an employee of the U.S. Postal Service requested a religious accommodation of not having to work on Sundays so he could observe the Sabbath. *Id.* at 454. In contrast, Plaintiff does not request to be free of work on a weekend day, Plaintiff asks Defendant to violate the U.S. tax code or to use the affidavit provision of 26 C.F.R. § 301.6109-1(c) to escape a legal penalty, to relieve Plaintiff of his legal obligation to apply for a social security number, and to undercut the U.S. Tax Code and the Federal Insurance Contributions Act. "The social security system in the United States serves the public interest by providing a comprehensive insurance system with a variety of benefits available to all participants, with costs shared by employers and employees."

Page 7 – OPINION AND ORDER

*United States v. Lee*, 455 U.S. 252, 258 (1982). "[A] comprehensive national social security system providing for voluntary participation would be almost a contradiction in terms and difficult, if not impossible, to administer." *Id*. This Court is not persuaded that *Groff* undercuts the Ninth Circuit's prior holdings in *Sutton* and *Hommel*.

Fourth, Plaintiff argues that Magnit could use the IRS Backup Withholding provision "to ensure taxes are paid[]" without a social security number. Pl. Resp. at 13. The IRS Backup Withholding provision gives the payor a mechanism to deduct and withhold specific types of reportable income such as interest or dividend payments, independent contractor payments, and other payments generally reportable on 1099 forms. 26 U.S.C. § 3406(b)(1)-(3); CFR § 31.3406(b)(3)-1; *see also* U.S. INT'L REVENUE SERV., PUB. NO. 1281, BACKUP WITHHOLDING FOR MISSING AND INCORRECT TINS 4–5 (2023), https://www.irs.gov/pub/irs-pdf/p1281.pdf. The Backup Withholding provision does not apply to Plaintiff because Defendant seeks to hire Plaintiff as an employee, not an independent contractor. Def. Reply at 5, ECF No. 15.

Finally, Plaintiff argues that his "wife's company would supply the [Employer Identification Number ("EIN")] for Magnit to use[,]" and that Defendant could reasonably accommodate Plaintiff's religious objection by using Plaintiff's wife's company's EIN. Pl. Resp. at 6. But this accommodation would require Defendant to violate the law by accepting a taxpayer identification number that belongs to Plaintiff's wife's company, not to Plaintiff or to Plaintiff's company. *See* 26 C.F.R. §

Page 8 – OPINION AND ORDER

301.6109-1(b)(1) ("Every U.S. person who makes under this title a return, statement, or other document must furnish its *own* taxpayer identifying number as required by the forms and the accompanying instructions.") (emphasis added).

In sum, the Ninth Circuit has held that accommodating an employee, such as Plaintiff, who declines to provide an SSN is an undue hardship as a matter of law. Accordingly, Plaintiff fails to state a Title VII religious discrimination claim.

Generally, Federal Rule of Civil Procedure 15 "advises the court that leave shall be freely given when justice so requires[]" . . . and that "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). "Dismissal without leave to amend is proper only if it is clear . . . that the complaint could not be saved by any amendment." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003) (internal quotation marks and citations omitted). Because there is no set of facts that can save Plaintiff's claim, the Court dismisses Plaintiff's claim without leave to amend.

## CONCLUSION

For the reasons explained, the Court GRANTS Defendant's Motion to Dismiss, ECF No. 8. Plaintiff's claim, ECF No. 1, is DISMISSED with prejudice.

It is so ORDERED and DATED this  20th   day of May 2025.

         /s/Ann Aiken  
         ANN AIKEN  
         United States District Judge